UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN RE:

SK FOODS, L.P.,

    Debtor.

SCOTT SALYER, et al.,

    Appellants,

       v.

SK FOODS, L.P., et al.,

    Appellees.

CIV. S-11-2987 LKK

O R D E R

**I.  BACKGROUND**

On July 11, 2011, this court considered the Bankruptcy Court's decision to approve the compromise the Trustee had reached with the Bank of Montreal ("BMO," as agent for the secured lender creditors).  See Salyer v. SK Foods, L.P. (In re SK Foods, L.P.), Civ. S-10-3467-LKK (E.D. Cal. July 11, 2011).  In the compromise, the Trustee would turn over to BMO certain accounts receivables and other assets, make a cash payment to BMO of $2.4 million and grant

BMO a "super-priority claim" of $27.66 million.  In exchange for that, BMO would get in line with the un-secured non-priority creditors in hopes of getting paid the remainder of the $190 million it lent SK Foods.

This court remanded the matter to the Bankruptcy Court with instructions to consider the "Brincko Declaration," which the Bankruptcy Court had previously excluded from its consideration of the matter.  The Bankruptcy Court has now considered the Brincko Declaration and allowed discovery of Mr. Brincko.  On December 21, 2011, the Bankruptcy Court again approved the compromise after addressing the Brincko declaration.

The Salyer entities again appeal the approval of the compromise to this court.  They moved before the Bankruptcy Court for a stay of the order approving the compromise.  The Bankruptcy Court denied the motion for a stay.  The Salyer entities have now moved this court for a stay.

**II. STANDARD**

    **A.   District Court's Standard**

Pursuant to Fed. R. Bankr. P. 8005, an appellant seeking a stay of the Bankruptcy Court's order must first present the request to the Bankruptcy Court itself.  Where, as here, the Bankruptcy Court denies the stay, the appellant may then bring the motion to the district court, but must "show why the relief ... was not obtained from the bankrtupcy judge."  Fed. R. Bankr. P. 8005.

The Rule does not indicate whether the district court in that case is "reviewing" the Bankruptcy Court's order, or making its own

de novo decision. Nevertheless, both sides agree that under Rule 8005, this court "reviews" the Bankruptcy Court order denying the stay, and that the "abuse of discretion" standard applies. Appellants cite Bankruptcy Appellate Panel and Eastern District decisions for this proposition, although there appears to be no binding authority. In Ohanian v. Irwin (In re Irwin), 338 B.R. 839 (E.D. Cal. 2006), Judge Ishii discussed at length whether the proper standard was "abuse of discretion" or de novo, and concluded that the "abuse of discretion" standard applied.[1] See also Universal Life Church v. U.S., 191 B.R. 433, 444 (E.D. Cal. 1995) (Wanger, J.), citing (Wymer v. Wymer) In re Wymer, 5 B.R. 802, 807 (9th Cir. BAP 1980).

The Bankruptcy Appellate Panel for the Ninth Circuit has also held that the "abuse of discretion" standard applies here. Wymer v. Wymer (In re Wymer), 5 B.R. 802, 807 (9th Cir. BAP 1980). The Wymer decision however, relies entirely upon decisions from 1894 to 1963,[2] none of which involved bankruptcy cases, or addressed the standard the district court should use when the bankruptcy court had denied the request for a stay. Wymer does not address whether the principles taken from those cases – on appeals of district

---

[1] Judge Ishii found no binding authority on the issue, but also found that most district courts in the Ninth Circuit have used the abuse of discretion standard.

[2] Sommer v. Rotary Lift Co., 58 F.2d 765 (9th Cir. 1932); American Strawboard Co. V. Indianapolis Water Co., 81 F. 423 (7th Cir. 1894); Hormann v. Northern Trust Co., 114 F.2d 118 (7th Cir.), cert. denied, 311 U.S. 713 (1940); U.S. v. Platt Contracting Co., 324 F.2d 96 (1st Cir. 1963); Chadeloid Chem. Co. V. H.B. Chalmers Co., 242 F. 71 (2d Cir. 1917).

1  court stay denials – carry over to modern bankruptcy practice.
2       Nevertheless, the court is aware of no authority to indicate
3  any other standard of review, and accordingly it will adopt the
4  "abuse of discretion" standard in reviewing the bankruptcy court's
5  denial of the stay.
6       **B.   Bankruptcy Court's Standard**
7       Both sides agree on the standard that the Bankruptcy Court was
8  required to use in determining the stay motion, specifically, a
9  standard drawn from the preliminary injunction context:
10       The seeker of the stay ... has the burden of showing (1)
11       he is likely to succeed on the merits of the appeal; (2)
12       he will suffer irreparable injury; (3) no substantial
13       harm will come to Appellee; and (4) the stay will do no
14       harm to the public interest.
15  In re Irwin, 338 B.R. at 845.  Once again, there does not seem to
16  be Ninth Circuit authority on the issue.  However an appeal from
17  this bankruptcy case was previously decided by Judge England, in
18  SS Farms, LLC v. Sharp (In re SK Foods, L.P.), 2009 WL 5206639
19  (E.D. Cal. December 24, 2009).  In determining the motion for a
20  stay of the Bankruptcy Court's order, Judge England applied the
21  Irwin standard.    This   court   will   accord   Judge   England's
22  determination "law of the case" stature even though it was made in
23  a different adversary proceeding.  In the absence of any argument
24  to the contrary from the parties, the court determines that it
25  would be too disruptive to have different appellate standards apply
26  to the various appeals from a bankruptcy case, depending solely

upon which district judge happened to hear the appeal of the particular adversary matter at issue.

## IV. ANALYSIS

### A. Likelihood of Success on the Merits.

Appellants cannot establish the first factor – their likelihood of success on the merits of the appeal.[3] On the appeal, this court will review the Bankruptcy Court's approval of the compromise for an abuse of discretion. <u>Martin v. Kane (In re A & C Properties)</u>, 784 F.2d 1377, 1380 (9th Cir.) ("the bankruptcy court's order approving the trustee's application to compromise the controversy is reviewed for an abuse of discretion"), <u>cert. denied</u>, 479 U.S. 854 (1986).

The Bankruptcy Court has now permitted discovery on the Brincko Declaration, and considered the declaration in reaching its conclusion.  In its new decision approving the compromise, the Bankruptcy Court sets out a detailed analysis of the Brincko declaration and how it affects the determination of whether to approve the compromise.  The Bankruptcy Court accordingly appears to have done exactly what it was supposed to do in deciding the motion.  The crux of the Salyer entities' objection to the Bankruptcy Court decision, as they succintly stated at oral argument, is that the Bankruptcy Court "got it wrong." That is not

---

[3] Appellants agree that they must establish their "likelihood" of success on the merits.  However, they go on to argue that they have a "fair chance" of success on the merits.  Whichever standard applies does not matter, because appellants have not made their case using either formulation.

sufficient to establish a likelihood of success on the merits.

In any event, the Bankruptcy Court reasonably found that Appellants' arguments for a stay ignored critical evidence the Bankruptcy Court considered, and improperly characterized its overall view of the evidence before the court, and its role in considering the motion to approve the compromise. In short, the Bankruptcy Court reasonably rejected Appellants' assertion that, in essence, the court simply made the wrong decision. Given that this court will review the approval under the abuse of discretion standard, it is not enough to argue that the Bankruptcy Court weighed the evidence differently than the Appellants would have.

**B.   Appellant's Irreparable Harm**

Appellant argues that if no stay is granted, its appeal will be mooted. The court has already accepted appellant's contrary argument put forth in the prior appeal, namely that the appeal is not mooted by the absence of a stay. Salyer v. SK Foods, L.P. (In re SK Foods, L.P.), Dkt. No. 21, Civ. S-10-3467 (E.D. Cal. July 11, 2011) (Karlton, J.). That decision is the law of the case.

**C.   The Public Interest.**

Appellants argue that a stay will preserve the integrity of the right to appellate review, without further explanation. As best the court can tell, this can only refer to their view that the appeal will be mooted in the absence of a stay. That argument has already been rejected as the law of case.

**D.   Harm to Appellee.**

Appellants argue that no harm will come to Appellee by issuing

6

1  a stay because the stay merely preserves the status quo.
2  Appellants simply assert that there is no danger of diminution of
3  assets if a stay is issued.  They offer no evidence, and make no
4  showing that they could offer such evidence if given the
5  opportunity.  The Bankruptcy Court reasonably points out that a
6  stay will "force the estate to incur costs of preserving and
7  prosecuting claims assigned to BMO in the compromise, and render
8  those claims more difficult to prosecute as time passes and
9  evidence – and memories – deteriorate."  Accordingly, appellants
10 have failed to show that a stay will cause no harm to the appellee.

**IV. CONCLUSION**

The Bankruptcy Court did not abuse its discretion in declining to issue a stay.  Appellants' motion for stay (Dkt. No.6), is **DENIED.**

IT IS SO ORDERED.

DATED:  January 31, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT